UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| J&N PUBLISHING, LLC d/b/a JUAN & NELSON PUBLISHING, I LOVE AMIGUITA, INC., and TARPO MUSIC PUBLISHING, | Civil Action No. |
| Plaintiffs, | |
| -against- | **COMPLAINT** |
| FIFTH STREET MANAGEMENT LLC, CECILIA VIZCARRA, and ALEXANDER RUIZ SALAZAR, | |
| Defendants. | |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint and incorporated herein by reference, sets forth in summary form the allegations hereinafter made with respect to Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, defendant Fifth Street Management LLC ("FSM"), is a limited liability company organized under the laws of North Carolina, with a principal place of business located at 116-b West Fifth Street, Charlotte, North Carolina 28202.

6. At all times hereinafter mentioned FSM did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Tequila House, located at 116-b West Fifth Street, Charlotte, North Carolina 28202.

7. Musical compositions were and are publicly performed at Tequila House.

8. On information and belief, defendant Cecilia Vizcarra ("Vizcarra") is an individual who resides or does business in this District.

9. On information and belief, defendant Alexander Ruiz Salazar ("Ruiz Salazar" and, together with FSM, and Ruiz Salazar, the "Defendants") is an individual who resides or does business in this District.

11. On information and belief, Vizcarra and Ruiz Salazar are officers, members, and/or owners of FSM.

12. At all times hereinafter mentioned, Vizcarra and Ruiz Salazar were, and still are, responsible for the control, management, operation, and maintenance of the affairs of FSM.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Tequila House, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Tequila House.

2

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
## PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

15. Each Plaintiff is a member of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 960,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated the Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants entered into a license agreement with ASCAP, effective May 1, 2018.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on June 30, 2022, upon written notice, ASCAP terminated the agreement for material breach.

18. Since termination of the Tequila House ASCAP license, ASCAP has attempted to contact Defendants, or their representatives, agents, or employees, to offer to relicense Tequila House, upon payment of the outstanding fees owed to ASCAP.

19. Defendants have refused all of ASCAP's offers to relicense Tequila House.

20. ASCAP's various communications offering to relicense Tequila House gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Tequila House constitute copyright infringement.

21. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Tequila House, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

22. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

23. The composition listed in cause of action 2 was registered as an unpublished composition on the dates stated in Column 5, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

24. The compositions listed in causes of action 1 and 3 were published on the date stated in Column 5, and since the respective date(s) of publication have been printed and published in strict conformity with Title 17 of the United States Code.

25. The Plaintiffs named in each cause of action, including their respective predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

26. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition

named in Column 3 by performing publicly compositions at Tequila House, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at Tequila House of Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from the Plaintiffs, or any agent, servant, or employee of the Plaintiffs, to give such performances.

28. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated the Plaintiffs' rights.

29. The many unauthorized performances at Tequila House include the performances of the three copyrighted musical compositions upon which this action is based.

30. At the times of the acts of infringement complained of, each of the Plaintiffs, named in a cause of action, was an owner of the copyright in the composition therein named.

31. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, the Plaintiffs will suffer irreparable injury, for all of which the Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs prays:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Tequila House, or in any place owned, controlled

or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

   II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

   III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

   IV. For such other and further relief as may be just and equitable.

Respectfully submitted this 4th day of March, 2024.

           /s/ Michael J. Allen
          Michael J. Allen
          NC State Bar No. 18030
          Carruthers & Roth, P.A.
          P.O. Box 540
          Greensboro, NC  27402
          Telephone:  (336) 379-8651
          Facsimile:  (336) 478-1175
          mja@crlaw.com
          *Attorney for Plaintiffs*

## SCHEDULE A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | J&N PUBLISHING, LLC d/b/a JUAN & NELSON PUBLISHING | UN BESO | Anthony Santos | April 25, 2005 | PA 1-343-684 | September 28, 2023 |
| 2. | I LOVE AMIGUITA, INC. | HEROE FAVORITO | Joaquin Diaz<br>Anthony Santos | April 25, 2016 | PAu 3-824-322 | September 28, 2023 |
| 3. | TARPO MUSIC PUBLISHING | TIPSY | Jerrell C. Jones<br>Mark Williams<br>Joe Kent | April 6, 2004 | PA 1-159-437 | September 29, 2023 |